# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT NASHVILLE
### August 18, 2009 Session

## STATE OF TENNESSEE V. DAVID WAYNE GRAY

### Direct Appeal from the Criminal Court for Wilson County
### No. 97-0201    Jane Wheatcraft, Judge

---

### No. M2008-02843-CCA-R3-PC - Filed November 13, 2009

---

The Petitioner, David Wayne Gray, appeals the dismissal of his petition for post-conviction relief. The post-conviction court dismissed the petition, finding that the petition was time barred and that no due process consideration existed to toll the statute of limitations. After a thorough review of the record and the applicable law, we affirm the post-conviction court's dismissal of the petition as time barred.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Criminal Court Affirmed

ROBERT W. WEDEMEYER, J., delivered the opinion of the court, in which DAVID H. WELLES and JERRY L. SMITH, JJ., joined.

Nathan Whittle, Lebanon, Tennessee, for the Appellant, David Wayne Gray.

Robert E. Cooper, Jr., Attorney General and Reporter; Michael E. Moore, Solicitor General; Deshea Dulany Faughn, Assistant Attorney General; Tom P. Thompson, District Attorney General; Robert Hibbett, Assistant District Attorney General, for the Appellee, State of Tennessee.

## OPINION
### I. Facts

On September 9, 1997, the Petitioner plead guilty to rape as a Range I standard offender. Pursuant to the plea agreement, he was sentenced to eight years at 30%, with one year to be served in the county jail and the remainder to be served on supervised probation. The judgment did not reflect a requirement of community supervision for life, which is required for all rape convictions pursuant to Tennessee Code Annotated section 39-13-524 (2006).

In May 1999, the trial court found the Petitioner had violated his probation, ordered him to serve thirty days in jail, and transferred the supervision of his probation to Community Corrections. In May 2001, the trial court revoked the Petitioner's Community Corrections sentence and ordered the Petitioner to serve his sentence in the Tennessee Department of Correction ("TDOC"). While in

the TDOC, the Petitioner filed a habeas corpus petition asserting that his 1997 sentence was illegal. The trial court granted habeas corpus relief and allowed the Petitioner to enter a new plea to a reduced charge of attempted rape with a sentence of six years at 30%. The judgment, entered July 12, 2004, reflected the requirement that the Petitioner be under community supervision for life. This specific provision of the agreement was not addressed by the trial court at the hearing where the Petitioner entered his plea. Due to the time already served on his sentence, the Petitioner was released from TDOC.

According to the Petitioner, he was contacted in August 2005 by the Board of Probation and Parole and informed that, based on an error, the Petitioner had not been enrolled in community supervision for life but needed to do so pursuant to the 2004 plea. In February 2006, the Petitioner was indicted on seven counts of violating community supervision for life. These charges were later dismissed as part of a plea agreement with other unrelated charges. In August 2007, the Petitioner wrote a letter to the trial court requesting a hearing regarding the community supervision for life requirement. The trial court treated the letter as a request for post-conviction relief and appointed counsel for the Petitioner. Subsequently, the State filed a motion to dismiss the petition because it was filed after the statute of limitations. After a hearing on this motion, the trial court found no due process right had been violated to toll the statute of limitations and thus dismissed the petition for failure to file it within the one year statute of limitations. The Petitioner now appeals this judgment.

## II. Analysis

On appeal, the Petitioner argues that the post-conviction court erred when it dismissed his petition for post-conviction relief based upon the one-year statute of limitations and when it failed to hold an evidentiary hearing. He asserts that due process requires the tolling of the post-conviction limitations period because he was not informed by trial counsel of the requirement of community supervision at the time of the guilty plea. The State argues that the trial court properly dismissed the petition as time-barred.

In order to obtain post-conviction relief, a petitioner must show that his or her conviction or sentence is void or voidable because of the abridgment of a constitutional right. T.C.A. § 40-30-103 (2006). The petitioner bears the burden of proving factual allegations in the petition for post-conviction relief by clear and convincing evidence. T.C.A. § 40-30-110(f) (2006). The post-conviction court's findings of fact are conclusive on appeal unless the evidence preponderates against it. *Fields v. State*, 40 S.W.3d 450, 456-57 (Tenn. 2001). Upon review, this Court will not re-weigh or re-evaluate the evidence below; all questions concerning the credibility of witnesses, the weight and value to be given their testimony and the factual issues raised by the evidence are to be resolved by the trial judge, not the appellate courts. *Momon v. State*, 18 S.W.3d 152, 156 (Tenn. 1999); *Henley v. State*, 960 S.W.2d 572, 578-79 (Tenn. 1997). A post-conviction court's conclusions of law, however, are subject to a purely de novo review by this Court, with no presumption of correctness. *Id.* at 457.

2

Tennessee Code Annotated section 40-30-102(a), which provides the limitation on the filing of petitions for post-conviction relief, reads in part:

> [A] person in custody under a sentence of a court of this state must petition for post-conviction relief under this part within one (1) year of the date of the final action of the highest appellate court to which an appeal is taken or, if no appeal is taken, within one (1) year of the date on which the judgment became final, or consideration of the petition shall be barred.

The statute then lists circumstances under which the statute of limitations may be tolled.

> No court shall have jurisdiction to consider a petition filed after the expiration of the limitations period unless:
>
> (1) The claim in the petition is based upon a final ruling of an appellate court establishing a constitutional right that was not recognized as existing at the time of trial, if retrospective application of that right is required.
>
> (2) The claim in the petition is based upon new scientific evidence establishing that the petitioner is actually innocent of the offense or offenses for which the petitioner was convicted; or
>
> (3) The claim asserted in the petition seeks relief from a sentence that was enhanced because of a previous conviction and the conviction in the case in which the claim is asserted was not a guilty plea with an agreed sentence, and the previous conviction has subsequently been held to be invalid . . . .

T.C.A. § 40-30-102(b) (2006). Tennessee courts have previously recognized that in certain circumstances, strict application of the statute of limitations would deny a defendant the reasonable opportunity to bring a post-conviction claim, and, in these instances, due process requires the tolling of the statute of limitations. *See Crawford v. State*, 151 S.W.3d 179 (Tenn. Ct. App. 2004); *Williams v. State*, 44 S.W.3d 464 (Tenn. 2001); *Sands v. State*, 903 S.W.2d 297 (Tenn. 1995); *Burford v. State*, 845 S.W.2d 204 (Tenn. 1992).

In *Sands*, our Supreme Court laid out a three-step process for determining whether due process requires the tolling of the statute of limitations:

> (1) determine when the limitations period would normally have begun to run; (2) determine whether the grounds for relief actually arose after the limitations period would normally have commenced; and (3) if the grounds are "later-arising," determine if, under the facts of the case, a strict application of the limitations period would effectively deny the petitioner a reasonable opportunity to present the claim. In making this final determination, courts should carefully weigh the petitioner's

liberty interest in "collaterally attacking constitutional violations occurring during the conviction process," against the State's interest in preventing the litigation of "stale and fraudulent claims."

*Sands*, 903 S.W.2d at 301 (citations omitted).

The first step of the analysis requires us to determine when the limitations period normally would have begun. The 2004 judgment was entered July 12, 2004, and thus the limitations period would have begun in this case on August 11, 2004, when the judgment became final. T.C.A. § 40-30-102(a) (2006). Next we must determine whether the grounds arose after the commencement of the limitations period. The Petitioner argues that his attorney never explained to him that, as required by Tennessee Code Annotated section 39-13-524, part of the plea agreement required him to be on community supervision for life. This statutory requirement for community supervision for life has not changed since its effective date of July 1, 1996. Thus nothing arose with regard to the Petitioner's claim after the statute of limitations commenced. We conclude, therefore, that the statute of limitations should not be tolled in the Petitioner's case.

The Petitioner is essentially making an attorney misrepresentation claim. Tennessee courts have found that, in some cases, attorney misrepresentation violates due process requiring the statute of limitations be tolled. These cases, however, are limited to situations where counsel made misrepresentations directly related to filing a defendant's appeal, thus placing the defendant in a procedural trap. *See Crawford*, 151 S.W.3d at 184. Because this case does not involve such a misrepresentation, the Petitioner is not entitled to relief.

### III. Conclusion

After a thorough review of the record and the applicable law, we conclude that the trial court did not err when it dismissed the Petitioner's petition for post-conviction relief as time-barred. As such, we affirm the trial court's judgment.

_____
ROBERT W. WEDEMEYER, JUDGE

4